IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM HENRY SHERRATT,<br><br>      Plaintiff,<br><br>v.<br><br>UTAH DEP'T OF CORRS. et al.,<br><br>      Defendants. | **ORDER TO AMEND DEFICIENT COMPLAINT & MEMORANDUM DECISION**<br><br>Case No. 2:10-CV-1091 TS<br><br>District Judge Ted Stewart |

Plaintiff, William Henry Sherratt, an inmate at Central Utah Correctional Facility, filed this *pro se* civil rights suit. *See* 42 U.S.C.S. § 1983 (2011). Reviewing the complaint under § 1915A, the Court has determined that Plaintiff's complaint is deficient as described below.

### Deficiencies in Complaint

Complaint:

(a) does not clearly identify each defendant, as John Does must each be individually numbered and described in detail.

(b) possibly inappropriately alleges civil rights violations against certain defendants on a respondeat superior theory.

(c) identifies other possible defendants in the text that are not named in the caption.

(d) improperly names Utah Department of Corrections (UDOC) and Utah State Prison (USP) as defendants, though they are not independent legal entities that can sue or be sued.

(e) does not identify an affirmative link between UDOC or USP and the violation of Plaintiff's civil rights.

(f) possibly improperly tries to state claims on behalf of other potential plaintiffs.

(g) should incorporate fully any claims suggested in Plaintiff's motion to supplement, filed March 28, 2011.

(h) has claims possibly underlying current confinement; however, the complaint was not submitted through contract attorneys.

## Instructions to Plaintiff

Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a).  The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." *TV Commnc'ns Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  *Hall v. Bellmon*, 935 F.2d

1106, 1009 (10th Cir. 1991). Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110. Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint. First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original). Second, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Third, Plaintiff cannot name someone as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir.

1996) (stating supervisory status alone is insufficient to support liability under § 1983). And, fourth, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

Finally, regarding the fact that claims have been made against state entities, generally, the Eleventh Amendment prevents "suits against a state unless it has waived its immunity or consented to suit, or if Congress has validly abrogated the state's immunity." *Ray v. McGill*, No. CIV-06-0334-HE, 2006 U.S. Dist. LEXIS 51632, at *8 (W.D. Okla. July 26, 2006) (unpublished) (citing *Lujan v. Regents of Univ. of Cal.*, 60 F.3d 1511, 1522 (10th Cir. 1995); *Eastwood v. Dep't of Corrs.*, 846 F.2d 627, 631 (10th Cir. 1988)). Plaintiff asserts no basis for determining that the State has waived its immunity or that it has been abrogated by Congress. Because any claims against the State appear to be precluded by Eleventh Amendment immunity, the Court believes it has no subject-matter jurisdiction to consider them. *See id.* at *9.

**ORDER**

**IT IS HEREBY ORDERED** that:

(1) Plaintiff shall have **THIRTY DAYS** from the date of this order to cure the deficiencies noted above;

(2) the Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide; and,

(3) if Plaintiff fails to timely cure the above deficiencies according to the instructions here this action will be dismissed without further notice.

DATED this 24th day of June, 2011.

BY THE COURT:

_____
CHIEF JUDGE TED STEWART
United States District Court