IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| WILLIAM HENRY SHERRATT,<br><br>        Plaintiff,<br><br>  v.<br><br>STEVEN TURLEY et al.,<br><br>        Defendants. | **ORDER GRANTING MOTION TO AMEND SECOND AMENDED COMPLAINT, & MEMORANDUM DECISION**<br><br>Case No. 2:10-CV-1091 TS<br><br>District Judge Ted Stewart |

    Plaintiff, William Henry Sherratt, an inmate at Utah State Prison, filed this *pro se* civil rights suit.  *See* 42 U.S.C.S. § 1983 (2012).  With the following instructions, the Court grants his pending motion to amend his second amended complaint.

### Instructions to Plaintiff

    Under Rule 8 of the Federal Rules of Civil Procedure a complaint is required to contain "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks."  Fed. R. Civ. P. 8(a).  The requirements of Rule 8(a) are intended to guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest."  *TV Commnc'ns Network,*

*Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Pro se litigants are not excused from compliance with the minimal pleading requirements of Rule 8.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1009 (10th Cir. 1991).  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Id.* at 1110.  Thus, the Court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Plaintiff should consider the following points before refiling his complaint.  First, Plaintiff must use the enclosed court-form complaint.  Second, the revised complaint *must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the second amended complaint*.  See *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supercedes original).  Third, the complaint must clearly state what each individual defendant did to violate Plaintiff's civil rights.  See *Bennett v. Passic*, 545 F.2d 1260,

1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil rights action). "To state a claim, a complaint must 'make clear exactly *who* is alleged to have done *what* to *whom*.'" *Stone v. Albert*, No. 08-2222, slip op. at 4 (10th Cir. July 20, 2009) (unpublished) (emphasis in original) (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008)). Fourth, Plaintiff cannot name someone as a defendant based solely on his or her supervisory position. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) (stating supervisory status alone is insufficient to support liability under § 1983). And, finally, Plaintiff is warned that litigants who have had three *in forma pauperis* cases dismissed as frivolous or meritless will be restricted from filing future lawsuits without prepaying fees.

## ORDER

**IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion to amend his second amended complaint is **GRANTED**. (*See* Docket Entry # 14.) Plaintiff shall have **thirty days** from the date of this order to file his third amended complaint.

(2) The Clerk's Office shall mail Plaintiff a copy of the Pro Se Litigant Guide with a blank form complaint.

DATED this 29th day of May, 2012.

BY THE COURT:

_____
CHIEF JUDGE TED STEWART
United States District Court